UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X
:
IN RE SOLAREDGE TECHNOLOGIES,   :   1:24-CV-01948-JPO
INC. DERIVATIVE LITIGATION      :
-------------------------------------------------------   :
:
THIS DOCUMENT RELATES TO: ALL   :
ACTIONS                         :
:
:
:
-------------------------------------------------------   :
: 
X

# STIPULATION AND PROTECTIVE ORDER GOVERNING DISCLOSURE OF DOCUMENTS RELATING TO THE INSPECTION OF BOOKS AND RECORDS

Pursuant to Federal Rule of Civil Procedure 26(c), and in the interests of efficiency, judicial economy, protecting the confidentiality of certain information that may be disclosed in connection with discovery in the above-captioned matter, and avoiding ancillary litigation of discovery issues over confidentiality, plaintiffs Abdul Hirani and Jonathan Blaufarb (together, "Plaintiffs" or "Party") and SolarEdge Technologies, Inc. ("SolarEdge" or "Party" and, collectively with Plaintiffs, the "Parties"), through their undersigned counsel, hereby stipulate and agree to this Protective Order (the "Order").

WHEREAS, on March 15, 2024, plaintiff Abdul Hirani filed a shareholder derivative action on behalf of nominal defendant SolarEdge alleging causes of action for violations of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), breach of fiduciary duties, unjust enrichment, waste of corporate assets, and aiding and abetting breach of fiduciary duty against defendants Zvi Lando, Ronen Faier, Nadav Zafrir, Betsy Atkins, Marcel Gani, Dana Gross, Dirk Hoke, Avery More, and Tal Payne (the "Individual Defendants" and, together with the Company, "Defendants") captioned as *Hirani v. Lando et al.*, Case No. 1:24-CV-01948-JPO

(the "Hirani Action");

WHEREAS, on June 10, 2024, plaintiff Jonathan Blaufarb filed a shareholder derivative action on behalf of nominal defendant SolarEdge in this Court alleging causes of action for violations of Section 14(a) of the Exchange Act, breach of fiduciary duties, unjust enrichment, abuse of control, gross mismanagement, waste of corporate assets, and for contribution under Sections 10(b) and 21D of the Exchange Act against the Individual Defendants captioned as *Blaufarb v. Lando et al.*, Case No. 1:24-CV-02139-DEH (the "Blaufarb Action" and together with the Hirani Action, the "Related Derivative Actions");

WHEREAS, on July 10, 2024, the Parties filed a joint stipulation to consolidate the Related Derivative Actions in the above-captioned consolidated action (the "Consolidated Action") and appoint The Brown Law Firm, P.C. and Rigrodsky Law, P.A. as co-lead counsel for Plaintiffs in the Consolidated Action ("Plaintiffs' Counsel"), among other agreements, which the Court so ordered on July 12, 2024;

WHEREAS, on September 6, 2024, the Parties agreed to produce to Plaintiffs, subject to agreement on a confidentiality agreement or protective order, any documents produced to a stockholder who makes a demand pursuant to 8 *Del. C.* § 220 and Delaware common law (a "Demand"), among other agreements, which the Court so ordered on September 9, 2024; and

WHEREAS, on February 12, 2025 and April 28, 2025, SolarEdge produced copies of certain books and records of SolarEdge in response to a Demand.

The Court, having found that good cause exists for issuance of an appropriately tailored protective order, hereby ORDERS that any person subject to this Order—including, without limitation, the Parties, their representatives, agents, experts, and consultants—shall adhere to the following terms:

1. SolarEdge will make available for inspection (subject to the conditions referred to above and herein) to Plaintiffs and Plaintiffs' Counsel copies of certain books and records of SolarEdge (the "Inspection Information") produced to any stockholder in response to a Demand.

2. By producing the Inspection Information to Plaintiffs and Plaintiffs' Counsel, SolarEdge does not admit that the demanding party has stated a proper purpose or that the Demand meets the requirements imposed by Delaware law. Plaintiffs and Plaintiffs' Counsel agree that they shall not assert that SolarEdge's voluntary production of Inspection Information (a) is an admission that the demanding party has stated a proper purpose, (b) is a ground for compelling further production, (c) constitutes a waiver as to any assertion by SolarEdge, or (d) estops SolarEdge from asserting that additional documents are not required to be produced. SolarEdge expressly reserves the right to assert that: (i) the Demand does not comply with Delaware or New York law; (ii) the demanding party has not stated a proper purpose; (iii) the Demand's stated purposes are not the demanding party's actual purposes; and (iv) the Demand is overly broad and seeks documents (including Inspection Information) that are neither essential nor reasonably related to its stated purposes.

3. SolarEdge shall have the right to designate Inspection Information as "Confidential Information" by stamping the document (or any page thereof) with the legend "Confidential - Subject to Protective Order." The inadvertent failure by SolarEdge to designate material as "Confidential" shall not be a waiver by SolarEdge of any claim of confidentiality as to such material or the subject matter thereof.

4. Plaintiffs and Plaintiffs' Counsel shall not use, utilize, exploit, disclose, publish, disseminate, or communicate the contents of Confidential Information to anyone, either directly or indirectly, except as expressly allowed by this Order. Confidential Information may be used

by Plaintiffs or Plaintiffs' Counsel solely for the purposes stated in the Demand or for use in an amended complaint, other pleading, or court document in the Consolidated Action. Notwithstanding the foregoing, Plaintiffs and Plaintiffs' Counsel must hold all Confidential Information in confidence, and may not disclose, publish, disseminate, or communicate the Confidential Information (or the content thereof) to anyone, either directly or indirectly, except as provided in this Order or as ordered by a court of competent jurisdiction. Confidential Information shall not be used for any other purpose, including, without limitation, any business, commercial, or political purpose, nor shall it be used to assist, support, or facilitate any litigation of any kind other than shareholder derivative litigation on behalf of SolarEdge concerning the subject matters described in the Demand.

5. To the extent that Plaintiffs or Plaintiffs' Counsel wish to use any of the Inspection Information in connection with the Consolidated Action or other pleading or court document, Plaintiffs' Counsel shall file the court document and any Confidential Information incorporated therein or attached thereto in compliance with the jurisdiction's local rules governing confidential filings and/or filings under seal. Plaintiffs' Counsel will provide SolarEdge with an opportunity to review the court document and the proposed redactions thereto before the public filing of the document and move to file the materials under seal. In addition, Plaintiffs' Counsel shall take all steps reasonably necessary to ensure the continued confidentiality of all Confidential Information, including, but not limited to, entering into a protective order with all parties in any litigation sufficient to protect the Confidential Information from disclosure. If Plaintiffs' Counsel cannot file under seal, Plaintiffs' Counsel shall provide ten (10) days' written notice to SolarEdge prior to the filing with the court of any unredacted pleadings or papers containing Confidential Information, unless a shorter time period is required by the rules of the court.

6. Except as otherwise provided for by this Order, Plaintiffs may only disclose Confidential Information to their attorneys, any co-counsel, or any expert after (i) advising the recipient that the Confidential Information is Confidential and may only be used according to the purposes set out in the Demand or paragraph 4 above; (ii) providing the recipient with a copy of this Order; and (iii) obtaining the recipient's execution of a signed certification in the form attached as Exhibit A to this Order (thereafter, a "Qualified Person"). Any Qualified Person to whom Plaintiffs or Plaintiffs' Counsel disclose Confidential Information shall safeguard such Confidential Information so as to prevent its disclosure to any others. Executed versions of Exhibit A shall be maintained in Plaintiffs' Counsel's files for at least sixty (60) days after the earlier of: (i) the entry of a final judgment, or the conclusion of any appeals therefrom, in the Consolidated Action; or (ii) the dismissal of the Consolidated Action.

7. SolarEdge expressly reserves the right to withhold information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection upon notice to Plaintiffs' Counsel which shall include a general description of the material withheld and the privilege or protection asserted as the basis for withholding the production of that material. In the event that SolarEdge inadvertently makes available for inspection any documents protected from disclosure under the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection, SolarEdge shall not have waived any such privilege or protection, provided that SolarEdge gives notice within a reasonable period of time of SolarEdge's discovery that such privileged or protected information was inadvertently disclosed. Upon notice by SolarEdge of any such inadvertent disclosure, all inadvertently disclosed information and all copies thereof shall immediately be returned to SolarEdge or destroyed, including any such materials in the

possession, custody, or control of Plaintiffs, Plaintiffs' Counsel or any Qualified Person, and neither Plaintiffs nor any Qualified Person shall use such information for any purpose. If Plaintiffs, through Plaintiffs' Counsel, move a court for an order compelling production of the inadvertently produced documents, the motion shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production. While such a motion is pending, the material in question shall be treated as an inadvertent production pursuant to this paragraph.

8. If Plaintiffs, Plaintiffs' Counsel or a Qualified Person to whom disclosure of Confidential Information has been made believe that they may be compelled by interrogatory, subpoena, civil investigatory demand or any similar process relating to any legal proceeding, investigation, or hearing to disclose any Confidential Information, they shall (a) provide SolarEdge with prompt notice as far in advance of such possible disclosure to allow SolarEdge to seek a protective order or other appropriate remedy; and (b) not produce or disclose Confidential Information or any memoranda, notes, or other documents containing any information disclosed in said Confidential Information to any person or entity except in accordance with the terms of this Order. with the prior consent of SolarEdge, or pursuant to court order. In the event that such protective order or other remedy is not obtained, or if SolarEdge waives compliance with the provision of this Order, Plaintiffs and Qualified Persons shall disclose such Confidential Information as is necessary to comply with the interrogatory, subpoena, or similar process. Any burden to establish that Confidential Information is confidential and designated confidential in good faith shall always remain with SolarEdge. Nothing herein shall be construed as obligating Plaintiffs or Plaintiffs' Counsel to litigate, support, or agree with SolarEdge's objection to the production of Confidential Information.

9. All notices under this Order shall be in writing and shall be given (and shall be

deemed to have been duly given upon receipt) by email with attachments in portable document format (.pdf) or other similar format, as follows:

If to SolarEdge:

> Christopher D. Belelieu
> Nathan C. Strauss
> Bethany J. Saul
> **Gibson, Dunn & Crutcher LLP**
> cbelelieu@gibsondunn.com
> nstrauss@gibsondunn.com
> bsaul@gibsondunn.com

If to Plaintiffs:

> Timothy Brown
> **The Brown Law Firm, P.C.**
> tbrown@thebrownlawfirm.net
>
> Timothy J. MacFall
> **Rigrodsky Law, P.A.**
> tjm@rl-legal.com

10. Upon the written request by Defendants' Counsel to Plaintiffs' Counsel via email or letter, Plaintiffs, Plaintiffs' Counsel and each Qualified Person shall make commercially reasonable efforts to return or destroy all Confidential Information in its original format and all copies thereof, and to destroy any notes, work product, or other documents created by Plaintiffs, Plaintiffs' Counsel or any Qualified Person that reproduce or reflect such Confidential Information, in no event later than sixty (60) days after the earlier of: (i) the entry of a final judgment, or the conclusion of any appeals therefrom, in the Consolidated Action; or (ii) the dismissal of the Consolidated Action. This provision does not require the destruction of attorney work product or briefs, transcripts, declarations, exhibits, and other documents filed with the Court in connection with the Consolidated Action, though such retained copies shall remain subject to the restrictions herein. Notwithstanding the foregoing, SolarEdge documents

7

designated as Confidential Information that are appended to attorney work product shall be destroyed pursuant to this provision.

11. This Order shall be governed by and construed in accordance with the laws of the State of New York, without regard to its conflict of laws principles. If any term of this Order is found by a court of competent jurisdiction to be invalid, illegal, or otherwise unenforceable, the remaining terms of this Order shall remain in full force and effect, and such term shall be deemed modified to the extent necessary in the court's opinion to render such term enforceable, preserving the fullest permissible extent the intent of the Parties. The waiver by any Party of any breach of this Order will not be deemed or construed as a waiver of any other breach of this Order, whether prior, subsequent, or contemporaneous. No failure or delay in exercising any right, power, or privilege hereunder shall operate as a waiver thereof, and no single or partial exercise of any right, power, or privilege hereunder shall preclude any other or further exercise of any right, power, or privilege.

12. To the extent SolarEdge determines to make available for inspection any additional documents to Plaintiffs or Plaintiffs' Counsel in response to the Demand, all such documents and any information derived from them shall be included in the term Inspection Information as defined in this Order, and the use of such documents and any information derived from them shall be governed by the terms of this Order.

13. This Order will be deemed to have been mutually prepared by the Parties and will not be construed against any of them by reason of authorship.

STIPULATED AND AGREED TO BY:

| | |
|---|---|
| **GIBSON, DUNN & CRUTCHER LLP** | **THE BROWN LAW FIRM, P.C.** |

By: */s/ Christopher D. Belelieu*　　　　By:　*/s/ Saadia Hashmi*

Christopher D. Belelieu　　　　　　　　　　Timothy Brown
Nathan Strauss　　　　　　　　　　　　　　Saadia Hashmi
Bethany Saul　　　　　　　　　　　　　　　767 Third Avenue, Suite 2501
200 Park Avenue　　　　　　　　　　　　　New York, NY 10017
New York, NY 10016　　　　　　　　　　　Tel.: (516) 922-5427
Tel.: (212) 351-4000　　　　　　　　　　　tbrown@thebrownlawfirm.net
cbelelieu@gibsondunn.com　　　　　　　　Shashmi@thebrownlawfirm.net
nstrauss@gibsondunn.com
bsaul@gibsondun.com

*Counsel for Plaintiff Jonathan Blaufarb and Co-Lead Counsel for Plaintiffs*

**RIGRODSKY LAW, P.A**

*/s/ Timothy J. MacFall*

Seth D. Rigrodsky
Timothy J. MacFall
Gina M. Serra
Vincent A. Licata
825 East Gate Boulevard, Suite 300
Garden City, NY 11530
Telephone: (516) 683-3516
Email: sdr@rl-legal.com
tjm@rl-legal.com
gms@rl-legal.com
vl@rl-legal.com

*Counsel for Plaintiff Hirani and Co-Lead Counsel for Plaintiffs*

SO ORDERED.
6/11/2025

J. PAUL OETKEN
United States District Judge

# **EXHIBIT A**

| | |
|---|---|
| ---------------------------------------------------------- X<br>IN RE SOLAREDGE TECHNOLOGIES,<br>INC. DERIVATIVE LITIGATION<br>----------------------------------------------------------<br><br>THIS DOCUMENT RELATES TO: ALL<br>ACTIONS<br><br><br>---------------------------------------------------------- X | No. 1:24-cv-01948-JPO |

## **CERTIFICATION**

I, _____, hereby certify that: (a) I have reviewed the Protective Order Governing Disclosure of Confidential Information (the "Order") issued by the Court in the above-captioned action, and I understand its terms; (b) I understand that Confidential Information is being provided to me pursuant to the terms of the Order; (c) I agree to be bound by the terms of the Order; and (d) I hereby submit to the jurisdiction of the State of New York for purposes of enforcing the Order.

Dated: _____       Signature: _____